UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X   Case No.: 24-cv-03340

THEODORE BLAIR,

                              **COMPLAINT**

              Plaintiff,

      -against-

                              **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,
POLICE OFFICER "JOHN" FLORES,
individually, and POLICE OFFICER
PARDEEP DHALIWAL, individually.

              Defendants.
-------------------------------------------------------X

       Plaintiff, THEODORE BLAIR, by his attorneys, HARFENIST KRAUT & PERLSTEIN, LLP, as and for a complaint, allege as follows:

## NATURE OF THE ACTION

       1.    This is an action seeking recovery for deprivation of Plaintiff Theodore Blair's civil rights guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution committed by the above named municipal defendants.

       2.    Additionally, this action seeks recovery under New York State Law for assault, battery, false arrest and malicious prosecution.

       3.    The Plaintiff bases this action upon his being subjected to excessive force while being illegally seized by POLICE OFFICER "JOHN" FLORES, individually, and POLICE OFFICER PARDEEP DHALIWAL, individually, and other members of the New York City Police Department on April 21, 2023, the

execution of a false Criminal Court Information by Dhaliwal on April 22, 2023 and the subsequent malicious prosecution which terminated with the dismissal of all charges on August 18, 2023.

## JURISDICTION

4. Jurisdiction is proper in this Court pursuant to 28 USC §1331, 28 USC §1332 and 42 USC §1983 in that the actions taken by the municipal defendants violated the Plaintiff's civil rights. Additionally, jurisdiction is proper over all defendants as the Plaintiff is a resident of the State of Connecticut, the Defendants are all residents of the State of New York and the amount in controversy exceeds $75,000.

## VENUE

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) since the Plaintiff was arrested and prosecuted in Brooklyn which is located in the Eastern District of New York.

## PARTIES

6. Plaintiff, Theodore Blair ("Blair") is a resident of the State of Connecticut and lives in the city of Hartford.

7. NYPD Police Officer "John" Flores ("Flores") whose first name is unknown, is being sued in his individual capacity and is a Police Officer employed by the New York City Police Department and a resident of New York State.

8. Upon information and belief, at all relevant times described herein, Flores was acting under color of state law within the scope of his employment with the New York City Police Department.

9. NYPD Police Officer Pardeep Dhaliwal ("Dhaliwal") is being sued in his individual capacity and is a Police Officer employed by the New York City Police Department and a resident of New York State.

10. Upon information and belief, at all relevant times described herein, Dhaliwal was acting under color of state law within the scope of his employment with the New York City Police Department.

11. The City of New York ("City") is a New York State municipal corporation, operating under authority of the State of New York.

## STATEMENT OF FACTS

12. On April 21, 2023, at approximately 10:00 PM, Blair picked up food from a local Brooklyn restaurant for his girlfriend and son.

13. Thereafter, Blair drove to 983 East 86th Street, Brooklyn, New York, where his girlfriend and son reside.

14. After delivering the food, Blair was seated in his car outside 983 East 86th Street, Brooklyn, New York, when he was approached by members of the New York City Police Department, including Flores and Dhaliwal.

15. At the time, Blair's vehicle was running and he was not blocking the flow of traffic.

16. Flores and Dhaliwal asked Blair for his license and registration.

17. Blair refused to produce his license and registration and asked them why they needed his identification.

18. Flores and Dhaliwal then asked Blair for his license and registration a second time.

19. Blair again refused to produce his license and registration.

20. Flores and Dhaliwal asked Blair a third time for his license and registration and informed Blair that he was refusing their request.

21. Thereafter Flores reached through the open window into Blair's vehicle and turned off the engine of the car.

22. Blair did not give Flores permission to reach into his vehicle and turn off the engine.

23. After turning off the engine, Flores opened the driver side door of Blair's car.

24. Blair did not give Flores permission to open the door to Blair's car.

25. Flores then opened the door to Blair's car and pulled Blair out of his vehicle.

26. Blair did not resist or struggle with Flores when Flores pulled Blair out of his vehicle.

27. After pulling Blair from his vehicle, Flores pulled Blair up to a standing position between Blair's vehicle and another vehicle which was parked at the curb.

28. Flores positioned Blair so that he had his back to Dhaliwal.

29. While Blair was standing with his back to Dhaliwal, Blair was tased in the back by Dhaliwal.

30. After being tased, Blair fell to the ground and stayed on the ground for five to ten minutes.

31. At no point prior to being tased was Blair advised that he was under arrest.

32. While on the ground, Blair was handcuffed and placed under arrest by Dhaliwal.

33. At approximately 10:45 PM, Blair was transported to the precinct.

34. After Blair arrived at the precinct, Dhaliwal prepared an executed a Criminal Court Complaint which charged Blair with Obstructing Governmental Administration in the Second Degree under New York Penal Law §195.05 and resisting arrest under New York Penal Law §205.30.

35. Blair was held in custody until 8:00 PM on April 22. 2023, at which time Blair was arraigned and released.

36. Thereafter, Blair was prosecuted and was required to make at least three (3) court appearances until the criminal case was dismissed on August 18, 2023, under New York's Criminal Procedure Law §30.30.

37. On July 19, 2023, a Notice of Claim was served on the City of New York, pursuant to General Municipal Law §50-e.

38. On January 17, 2024, a hearing on the claim was conducted pursuant to General Municipal Law §50-h.

39. Although more than thirty (30) days have elapsed since the service of the Notice of Claim, the City of New York has failed to adjust the claim.

### AS AND FOR A FIRST CAUSE OF ACTION
### FALSE ARREST IN VIOLATION OF PLAINTIFF'S
### FOURTH AND FOURTEENTH AMENDMENT RIGHTS

40. Plaintiff repeats, realleges and reiterates the allegations in paragraphs one through thirty-nine as if more fully set forth hereat.

41. On April 21, 2023, Blair was intentionally detained by Flores & Dhaliwal.

42. In detaining Blair, Flores & Dhaliwal were acting under color of state law and within the scope of their employment by the New York City Police Department.

6

43. Blair was aware of his detention.

44. Blair did not consent to being detained.

45. Blair's detention was not privileged as Flores & Dhaliwal had no probable cause to believe that Blair had committed any crime.

46. Blair's detention was not privileged as individuals who are not suspected of committing a crime are not required to provide their name and identification to law enforcement officers.

47. Blair's detention was not privileged as individuals who are not suspected of committing a crime are not required to cooperate with an illegal arrest.

48. As a result of his illegal detention, Blair's Fourth and Fourteenth Amendment rights were violated.

49. As a proximate result of Defendants' intentional and malicious actions, Blair was greatly humiliated, injured in his reputation, caused to miss time from work, and has suffered great mental anguish causing damage in an amount to be provided at trial but no less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION
## MALICIOUS PROSECUTION IN VIOLATION OF PLAINTIFF'S
## FOURTH AND FOURTEENTH AMENDMENT RIGHTS

50. Plaintiff repeats, realleges and reiterates the allegations in paragraphs one through forty-nine as if more fully set forth hereat.

51. In swearing to the Criminal Court Complaint, Dhaliwal participated in the commencement of a criminal prosecution against Blair.

52. As a result of the commencement of the criminal prosecution, Blair was required to spend considerable sums to defend the baseless criminal charges before they were dismissed after the Kings County District Attorney failed to prosecute Blair within the time provided under New York Criminal Procedure Law §30.30.

53. Dhaliwal lacked probable cause to believe that Blair committed any criminal act at the time that he swore to the Criminal Court Complaint.

54. The lack of probable cause generally creates an inference of malice under Second Circuit case law.

55. Upon information and belief, Dhaliwal and Flores wore bodycams which recorded video demonstrating the falsity of the Criminal Court Complaint.

56. The dismissal of the criminal charges by the New York City Criminal Court based on the Assistant District Attorney's failure to prosecute under New York Criminal Procedure Law §30.30 constitutes a favorable termination.

57. As a proximate result of the malicious prosecution, Blair's Fourth and Fourteenth Amendment rights were violated.

58. As a proximate result of Dhaliwal's intentional and malicious actions, Blair was greatly humiliated, injured in his reputation and has suffered great mental anguish causing damage in an amount to be provided at trial but no less than FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus punitive damages and attorney's fees.

## AS AND FOR A THIRD CAUSE OF ACTION
## MALICIOUS PROSECUTION CLAIM UNDER NEW YORK STATE LAW

59. Plaintiff repeats, realleges and reiterates the allegations in paragraphs one through fifty-eight as if more fully set forth hereat.

60. It is well settled law that the elements of a malicious prosecution claim under New York law are substantially the same as a claim under 42 USC §1983.

61. Dhaliwal and other employees of the City of New York participated in the commencement of the prosecution against Blair, despite a lack of probable cause to believe that Blair had committed a crime.

62. Dhaliwal and other employees of the City of New York continued the prosecution of Blair, despite the bodycam video demonstrating that Blair had not committed a crime.

63. The dismissal of the criminal charges by the New York City Criminal Court based on the Assistant District Attorney's failure to prosecute under New York Criminal Procedure Law §30.30 constitutes a favorable termination.

64. As a proximate result of these acts, Dhaliwal committed the tort of malicious prosecution under New York law.

65. As a proximate result of these acts, other employees of the City of New York committed the tort of malicious prosecution under New York law.

66. As Dhaliwal and other employees of the City of New York acted within the scope of their employment in commencing and/or continuing the prosecution, the City of New York is liable for their conduct under the doctrine of respondeat superior.

67. As a proximate result of Dhaliwal's intentional and malicious actions, Blair was greatly humiliated, injured in his reputation and has suffered great mental anguish causing damage in an amount to be provided at trial but no less than FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus punitive damages and attorney's fees.

### AS AND FOR A FOURTH CAUSE OF ACTION
### EXCESSIVE FORCE IN VIOLATION OF PLAINTIFF'S
### FOURTH AND FOURTEENTH AMENDMENT RIGHTS

68. Plaintiff repeats, realleges and reiterates the allegations in paragraphs one through sixty-seven as if more fully set forth hereat.

10

69. On April 21, 2023, Blair was pulled from his car and made to stand with his back to the officer who tased him.

70. In grabbing and tasing Blair, Flores & Dhaliwal were acting under color of state law and within the scope of their employment by the New York City Police Department.

71. At the time that Blair was tased, Flores & Dhaliwal had no belief that Blair posed a threat to any Police Officer.

72. At the time that Blair was tased, Blair was not actively resisting or evading arrest.

73. Upon information and belief, Blair was grabbed from his car and tased because Flores & Dhaliwal were angry that Blair had not produced his license and registration upon their request.

74. As Flores & Dhaliwal had no belief that Blair posed a threat of flight or a threat to their safety, the use of force was excessive and in violation of Blair's Fourth and Fourteenth Amendment rights.

75. As a proximate result of Defendants' intentional and malicious actions, Blair suffered physical injury and has suffered great mental anguish causing damage in an amount to be provided at trial but no less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ASSAULT AND BATTERY UNDER NEW YORK LAW

76. Plaintiff repeats, realleges and reiterates the allegations in paragraphs one through seventy-five as if more fully set forth hereat.

77. On April 21, 2023, Blair was pulled from his car and made to stand with his back to the officer who tased him.

78. In grabbing and tasing Blair, Flores & Dhaliwal were acting under color of state law and within the scope of their employment by the New York City Police Department.

79. The physical contact Flores & Dhaliwal made with Blair was without privilege or justification.

80. The physical contact Flores & Dhaliwal made with Blair was without probable cause.

81. As Dhaliwal and other employees of the City of New York acted within the scope of their employment in commencing and/or continuing the prosecution, the City of New York is liable for their conduct under the doctrine of respondeat superior.

82. By reason of said assault and battery, Blair was caused to suffer severe physical injuries and pain, emotional and psychological distress and horror.

83. As a proximate result of Defendants' intentional and malicious actions, Blair suffered physical injury and has suffered great mental anguish

causing damage in an amount to be provided at trial but no less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

### PRAYER FOR RELIEF

**WHEREFORE,** plaintiffs respectfully demand the following relief:

a.	For compensatory damages against all defendants in an amount to be proved at trial, but no less than FOUR MILLION DOLLARS ($4,000,000.00).

b.	For exemplary and punitive damages against all defendants in an amount to be proved at trial.

c.	For attorneys fees pursuant to 42 U.S.C. §1988 against all defendants.

d.	For such other and further relief as this Court may deem just and proper.

Dated:  Lake Success, New York
        May 6, 2024

                                      Respectfully submitted,

                                      HARFENIST KRAUT & PERLSTEIN, LLP

                  By:   *Steven J. Harfenist*
                                    STEVEN J. HARFENIST
                                    *Attorneys for Plaintiff*
                                    3000 Marcus Avenue, Suite 2E1
                                    Lake Success, New York 11042
                                    M: (516) 355-9600
                                    D: (516) 355-9612
                                    F: (516) 355-9601
                                    E: sharfenist@hkplaw.com